IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. CROSBY, #228412, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-64-WHA |
| | ) | |
| REBECCA C. OATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by William L. Crosby ("Crosby"), a state inmate and frequent federal litigant. In this complaint, Crosby challenges actions taken in December of 2015 by the Clerk of the Alabama Court of Civil Appeals, the Clerk of the Alabama Supreme Court and the Attorney General for the State of Alabama with regard to an action he initially filed with the Alabama Court of Civil Appeals. A review of the records of the federal courts of this state indicates that the instant complaint presents claims virtually identical to those raised in *Crosby v. State of Alabama, et al.*, Civil Action No. 1:16-CV-70-KD-C (S.D. Ala. 2016). In that case, the United States District Court for the Southern District observed as follows:

> Crosby's "factual allegations" establish that, on or about December 21, 2015, he filed a petition in the Alabama Court of Civil Appeals, putatively in accordance with Rule 57 of the Federal Rules of Civil Procedure, seeking to enjoin the Circuit Court of Mobile County and the Attorney General of the State of Alabama in some respect with respect to his

> underlying murder conviction. According to Crosby, instead of "keeping" his Rule 57 briefs and ruling on the same, the Clerk of the Alabama Court of Civil Appeals improperly transferred his case to the Alabama Supreme Court – on the basis that it lacked subject matter jurisdiction – and the Clerk of the Supreme Court of Alabama then, two days later, exceeded its authority/jurisdiction in striking his petition for injunctive relief as prematurely filed[.]

*Crosby v. State of Alabama, et al.*, Civil Action No. 16-CV-70-KD-C (S.D. Ala. 2016), Report and Recommendation of the Magistrate Judge - Doc. No. 3 at 2 (citations to the record omitted), adopted as opinion of the court June 8, 2016.[1] Based on the claims presented by Crosby, the Southern District construed the civil action as one arising under 42 U.S.C. § 1983. After a thorough discussion of the claims presented by Crosby, and in accordance with applicable federal law, the court dismissed the "action, prior to service, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and alternatively, as frivolous in accordance with this same statutory subsection." *Id.*, Doc. No. 3 at 11.

## II. DISCUSSION

Upon initiation of this case, Crosby filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Doc. No. 6.* However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1] In its opinion, the Southern District noted that the complaint contained "Crosby's extremely confused and confusing 'factual allegations'" challenging actions of the state appellate clerks and the Attorney General for the State of Alabama. *Id.*, Doc. No. 3 at 2-3. The same is true of the complaint pending before this court.

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The undersigned takes judicial notice of federal court records which establish that Crosby, while incarcerated or detained, has on at least three occasions had civil actions and an appeal dismissed as frivolous and/or for failure to state a claim on which relief could be granted. The actions on which this court relies in finding a § 1915(g) violation are *Crosby v. State of Alabama, et al.*, Civil Action No. 1:16-CV-70-KD-C (S.D. Ala. 2016) (case summarily dismissed for failure to state a claim and/or as frivolous) and *Crosby v. State of Alabama, et al.*, Civil Action No. 1:03-CV-42-CG-D (S.D. Ala. 2004) (case dismissed as frivolous under 28 U.S.C. § 19159(e)(2)(B)(i)), and appeal dismissed as frivolous, August 6, 2004.[3]

As Crosby has three strikes, he may not proceed *in forma pauperis* in this case unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury."

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims dismissed prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause. *Id*. at 728-730; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

[3]Crosby concedes he filed these civil actions while incarcerated in the state prison system and does not dispute the dismissals of these cases in establishing "three strikes" under 28 U.S.C. § 1915(g). Doc. No. 9 at 3.

*Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (holding that vague allegation challenging adequacy of medical treatment for heart condition did "not satisfy the dictates of § 1915(g)."); *Margiotti v. Nichols,* 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) (holding that allegations regarding treatment provided for "an ongoing medical condition that [plaintiff] concedes is already a permanent handicap or deformity . . . is not the type of serious injury" which entitles plaintiff "to avoid the bar of § 1915(g), as they do not establish that he is under ***imminent*** danger of ***serious*** injury.") (internal citation omitted) (emphasis in original); *Ball v. Allen*, 2007 WL 484547, at *2-3 (S.D. Ala. Feb. 8, 2007) (finding general allegations regarding a myriad of conditions, including claims of deliberate indifference, insufficient to satisfy the imminent danger exception and noting that "[p]laintiff's allegation that there is 'imminent danger to [his] health and well being,' is a conclusory allegation that merely demonstrates 'that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends.'").

"The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are

4

insufficient." *Niebla*, *supra*. (internal quotations omitted) (citing *Martin*, 319 F.3d at 1950 and *White*, 157 F.3d at 1231); *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Neither conclusory allegations that overcrowding and understaffing create a potential for violence among inmates nor general allegations that the defendants acted with deliberate indifference to basic human needs and inmate safety are sufficient to establish that plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action." *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014); *Jemison v. White*, 2012 WL 3028061, at *2 (S.D. Ala. June 18, 2012) (conclusory allegations regarding conditions of confinement, i.e., lack of adequate exercise, unsanitary cells and eating area, insufficient living space, inadequate cooling and ventilation, and lack of reasonable measures to ensure inmate's health and safety, do not demonstrate "that plaintiff was 'under imminent danger of serious physical injury' at the time he filed the complaint.").

In addition, numerous district courts, including the United States District Court for the Southern District of Alabama and the United States District Court for the Northern District of Florida, have adopted the Second Circuit's determination that "an adequate nexus must exist between the claims plaintiff seeks to pursue and the imminent danger he alleges. *Pettus v. Morgenthau*, 554 F.3d 293, 296, (2d Cir. 2009) (finding that the exception to § 1915(g) was not satisfied because the nexus was too attenuated between

5

the defendants associated with plaintiff's conviction and the alleged imminent danger of serious physical injury arising from his incarceration that was based on the denial of medication and being 'surrounded by hostile, aggressive, violent inmates who beat, rob, assault, extort, and sexually abuse him.'" *May v. Barber*, 2016 WL 1735556, at *2 (S.D. Ala. Mar. 24, 2016); *Cole v. Ellis*, 2015 WL 6407205, at *1 (N.D. Fla. Sept. 3, 2015), Report and Recommendation adopted as opinion of the court, 2015 WL 6394506 (N.D. Fla. Oct. 22, 2015) (holding that in addition to showing an imminent danger of serious physical injury "there must be an adequate nexus between the imminent danger alleged and the legal claims asserted in the prisoner's complaint."); *Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3rd Cir. 2014) (recognizing that to satisfy the imminent danger requirement of § 1915(g) a prisoner must demonstrate an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges) (citing *Pettus*, 554 F.3d at 296); *see also Stine v. Fed. Bureau of Prisons Designation and Sentence Computation Unit*, 571 F. App'x 353, 354 (5th Cir. 2014) (finding that the plaintiff failed to establish imminent danger arising from claims of inadequate protection by federal prison officials in Colorado and further noting he "also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his [pending] claims against BOP defendants in Texas[.]"); *cf. Barber v. Krepp*, 2017 WL 694489, at *3 (11th Cir. Feb. 22, 2017) (acknowledging "the Second Circuit has concluded that, in order to fall within the 'imminent danger' exception to § 1915(g), the prisoner must demonstrate a 'nexus' between the physical injury he fears and the claims in his complaint, *Pettus*, [554 F.3d at

6

297,]" but declining to decide "whether § 1915(g)'s 'imminent danger' exception requires proof of such a nexus" because, even if it does, a nexus existed between the assertion of imminent harm and the claim presented in the complaint).

In the instant complaint, Crosby presents claims attacking the constitutionality of actions taken by state appellate court clerks in December of 2015 with respect to their handling of a petition he filed seeking injunctive and/or declaratory relief from the murder conviction on which he is currently incarcerated. Crosby filed a document in this case on March 15, 2017 (Doc. No. 9), which the court construed as an amendment to the complaint insofar as Crosby alleged facts regarding establishment of the "imminent danger" exception to application of the "three strikes" provision of 28 U.S.C. § 1915(g). Doc. No. 11. Specifically, Crosby argues that the actions of the state clerks resulted in "genocide of Crosby['s] equal benefit of law and procedure" causing him to suffer an "actual injury in litigation." Doc. No. 9 at 4-5. Crosby further asserts that conditions attendant to his incarceration -- i.e., the provision of inadequate medical care, the occurrence of inmate on inmate assaults and the lack of adequate security -- demonstrate that he is in "imminent danger" of serious physical injury. *Id*. at 6.

The court has thoroughly reviewed Crosby's claims for relief, his assertion of an "injury in litigation" and his allegations regarding perceived imminent danger due to his conditions of confinement. Initially, it is clear that the legal injury Crosby alleges he suffered in December of 2015 when the state clerks failed to file his petition does not constitute "imminent danger of serious physical injury" within the meaning of 28 U.S.C.

297,]" but declining to decide "whether § 1915(g)'s 'imminent danger' exception requires proof of such a nexus" because, even if it does, a nexus existed between the assertion of imminent harm and the claim presented in the complaint).

In the instant complaint, Crosby presents claims attacking the constitutionality of actions taken by state appellate court clerks in December of 2015 with respect to their handling of a petition he filed seeking injunctive and/or declaratory relief from the murder conviction on which he is currently incarcerated. Crosby filed a document in this case on March 15, 2017 (Doc. No. 9), which the court construed as an amendment to the complaint insofar as Crosby alleged facts regarding establishment of the "imminent danger" exception to application of the "three strikes" provision of 28 U.S.C. § 1915(g). Doc. No. 11. Specifically, Crosby argues that the actions of the state clerks resulted in "genocide of Crosby['s] equal benefit of law and procedure" causing him to suffer an "actual injury in litigation." Doc. No. 9 at 4-5. Crosby further asserts that conditions attendant to his incarceration -- i.e., the provision of inadequate medical care, the occurrence of inmate on inmate assaults and the lack of adequate security -- demonstrate that he is in "imminent danger" of serious physical injury. *Id*. at 6.

The court has thoroughly reviewed Crosby's claims for relief, his assertion of an "injury in litigation" and his allegations regarding perceived imminent danger due to his conditions of confinement. Initially, it is clear that the legal injury Crosby alleges he suffered in December of 2015 when the state clerks failed to file his petition does not constitute "imminent danger of serious physical injury" within the meaning of 28 U.S.C.

§ 1915(g). Further, the claims set forth in the amendment regarding his current conditions of confinement present nothing more than general conditions claims which merely contemplate potential harm that may at some time in the future befall Crosby. Despite Crosby's contention to the contrary, these conclusory and speculative allegations fail to demonstrate that he was "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision set forth in 28 U.S.C. § 1915(g).); *Martin*, 319 F.3d at 1050 (General and/or conclusory allegations regarding conditions are not sufficient to establish the requisite imminent threat of serious physical harm); *Abdullah*, 955 F. Supp. at 1307 (To establish requisite imminent danger, a plaintiff must present "specific allegations of imminent danger indicating that a serious physical injury will result if his claims are not addressed."); *May*, 2014 WL 3428930, at *2 (general allegations challenging the constitutionality of conditions and actions of the defendants are insufficient to invoke the imminent danger exception); *Jemison*, 2012 WL 3028061, at *2 (conclusory allegations challenging conditions of confinement do not warrant relief under the imminent danger exception); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is

pressing" and "a threat … is real and proximate."). To hold that amorphous conditions of confinement render an inmate in "imminent danger of serious physical injury" would eviscerate the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Finally, if Crosby is required to show a nexus between the claims he seeks to pursue and the imminent danger alleged, he has failed to do so as the challenged actions of the state court clerks "are much too attenuated from" the conditions of confinement presented by Crosby to show imminent danger. *Pettus*, 554 F.3d at 296. Consequently, under the circumstances of this case, Crosby cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Crosby's motion for leave to proceed *in forma pauperis* is due to be denied and this case summarily dismissed without prejudice, as Crosby failed to pay the requisite filing and administrative fees upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by William L. Crosby (Doc. No. 6) be DENIED.

2. The plaintiff's motion for preliminary injunction be DENIED as the plaintiff has failed to show a likelihood of success on the merits of his claims.

3. This case be dismissed without prejudice for the plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

It is further

ORDERED that on or before April 4, 2017 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 21st day of March, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge