IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. CROSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:17cv64-WHA |
| | ) | |
| REBECCA OATES, JULIA JORDAN | ) | (WO) |
| WELLER, AND LUTHER STRANGE, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #12), entered on March 21, 2017, and the Plaintiff's Objection thereto (Doc. #13). The court has conducted an independent evaluation and *de novo* review of the file in this case, and finds as follows:

In this 42 U.S.C. § 1983 action, the inmate plaintiff, William Crosby, challenges actions taken in December of 2015 by the Clerk of the Alabama Court of Civil Appeals, the Clerk of the Alabama Supreme Court and the Attorney General for the State of Alabama with respect to an action he initially filed with the Alabama Court of Civil Appeals regarding his 2003 Mobile County murder conviction. After reviewing the records of the federal courts of this state, it was determined that the instant complaint presents claims virtually identical to those raised in *Crosby v. State of Alabama, et al.*, Civil Action No. 1:16-CV-70-KD-C (S.D. Ala. 2016). Although Crosby styled his Southern District case as a "Petition for Writ for Order [to] Show Cause" and the Clerk for that court entered the case as a Section 2254 Petition for Writ of Habeas Corpus, the Court, in addressing the complaint, construed it as a 42 U.S.C. § 1983 action. *Crosby v. State*

*of Alabama, et al.*, Civil Action No. 16-CV-70-KD-C (S.D. Ala. 2016), Report and Recommendation of the Magistrate Judge - Doc. No. 3 at 6-7, adopted as opinion of the court, June 8, 2016 - Doc. No. 5 ("Despite Crosby's insistence that this action is not a § 1983 action . . . his position is belied by the characterization of his claim [set forth in the complaint] as a denial of access to the state courts of Alabama . . .(alleging that his constitutional rights were violated when the clerk of court denied him access to the Alabama Court of Civil Appeals for a decision regarding his request for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure ), a decidedly § 1983 claim[.] . . . Thus, the undersigned considers plaintiff's denial of access to court claim as arising under 42 U.S.C. § 1983."). Based on its construction of the action as one filed under § 1983 and in accordance with law applicable to such complaints, the Southern District summarily dismissed the case "for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, as frivolous in accordance with this same statutory subsection." *Id*. at 11. The Magistrate Judge utilized the Southern District's summary dismissal of Crosby's § 1983 action as a "strike" against him, along with another case and appeal that had been dismissed as frivolous, in finding that he had violated the "three strikes" provision of 28 U.S.C. § 1915(g). (Doc. No. 12 at 3).

On April 6, 2017, Crosby filed an objection to the Recommendation in which he initially argues that the District Court for the Southern District "construed Crosby's issue as mandamus, not § 1983." (Doc. No. 13 at 3). The recitation of the Recommendation issued by the Southern District set forth above clearly refutes Crosby's assertion. His assertion, however, is based on language in footnote 8 of the Southern District's Recommendation where the court states that: "Alternatively, the undersigned would note that Crosby's sole request that this Court enter a show cause order to the defendants respecting the 'policy that cause Crosby a federal constitutional

violation, to access the state court-civil-for declaratory judgment under Fed.Civ.R.Pro.57[]' amounts to a request that this Court issue a writ of mandamus directing the defendants--and, by extension, Alabama's appellate courts--to immediately entertain his petition for injunctive relief and declaratory judgment. . . . And because this Court lacks jurisdiction to compel action from the Clerks of the Alabama Supreme Court and the Alabama Court of Civil appeals, as Crosby requests, . . . Crosby's complaint must be dismissed as frivolous[.]" *Crosby v. State of Alabama, et al.*, Civil Action No. 16-CV-70-KD-C (S.D. Ala. 2016), Report and Recommendation of the Magistrate Judge - Doc. No. 3 at 11, n.8 (internal citations omitted). The language in the footnote does not impugn or alter the Southern District's determination that the complaint constituted a § 1983 action subject to dismissal as frivolous under § 1915A(b)(1). Thus, this objection to the Recommendation entered herein provides no basis for relief.

In the majority of the Objection, the plaintiff argues the merits of his claims. However, the Magistrate Judge did not reach the merits as the plaintiff was in violation of the "three strikes" provision of 28 U.S.C. § 1915(g) and the merits of a complaint are irrelevant to such determination. Crosby next argues that the current "problems in [the] Alabama prison" system as reported by the media meet the imminent danger exception contained in § 1915(g). As stated in the Recommendation, general allegations regarding prison conditions fail to satisfy the imminent danger exception. Doc. No. 12 at 4-5. Finally, Crosby appears to argue that his being attacked by another inmate in 2015, *see* Exh. A to Objection - Doc. No. 13-1, warrants relief under § 1915(g)'s imminent danger exception. However, an attack on Crosby in 2015 fails to show that he was in imminent danger when he filed this case in February of 2017. *See Owens v. Schwartz*, 519 App'x 992, 994 (11th Cir. 2013) (citing *Medberry v. Butler,* 185 F.3d 1189, 1193

(11th Cir. 1991) ("An allegation of past imminent danger will not invoke the 'imminent danger' exception.").

Based on the foregoing, the arguments contained in the Objection fail to undermine the findings in the Recommendation entered by the Magistrate Judge on March 21, 2017 (Doc. No. 12), and it is hereby ORDERED as follows:

1. The Objection is OVERRULED.

2. The court adopts the Recommendation of the Magistrate Judge.

3. The Plaintiff's Motion for Leave to Proceed In Forma Pauperis is DENIED.

4. The Plaintiff's Motion for Preliminary Injunction is DENIED.

5. This case is DISMISSED without prejudice for the Plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

Done this 28th day of April, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE